DAVID A. ARIETTA, ESQ. (SBN 167865)
LAW OFFICES OF DAVID A. ARIETTA
700 Ygnacio Valley Road, Suite 150
Walnut Creek, CA 94596
Telephone: (925) 472-8000
Fax: (925) 472-5925
david@ariettalaw.com

Attorney for Debtors
NESTOR ODUCAYEN DULDULAO
AZUCENA ALFONSO DULDULAO

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re: | Case No.: 10-40157 MEH |
| NESTOR ODUCAYEN DULDULAO<br>AZUCENA ALFONSO DULDULAO,<br>Debtors. | Chapter 13<br>**STIPULATION RESOLVING TRUSTEE'S OBJECTION TO SALE OF REAL PROPERTY** |

This Stipulation is entered into by and between Chapter 13 debtors, NESTOR O. DULDULAO and AZUCENA A. DULDULAO ("Debtors"), by and through their attorney of record, David A. Arietta, and Chapter 13 Trustee MARTHA G. BRONITSKY ("Trustee").

**RECITALS**

A.  Debtors filed for Chapter 13 bankruptcy relief on January 7, 2010.

B.  Debtors' confirmed Chapter 13 Plan provided for the payment of $425 per month for 36 months plus Debtors would contribute $140,000 into the Plan via the sale of their house located at

STIPULATION RESOLVING TRUSTEE'S OBJECTION TO SALE OF REAL PROPERTY - 1

1438 Sunnybrook Road, Alamo, California 94507 (the "Property"). The amount was calculated based on the then property value of $650,000 less $218,000 first deed, $162,000 second deed, and $150,000 homestead exemption.

C. The downturn in the real estate market prevented Debtors from timely selling the Property. On or about May 2, 1013, Debtors modified their Chapter 13 Plan to extend their plan term to 48 months and extend the deadline to sell the Property to December 31, 2013, while continuing to make their monthly payments of $425.

D. On or about September 3, 2013, an escrow for the sale of the Property closed. The sales price of the Property was $903,000 and Debtors netted $455,000 after accounting for their homestead exemption, outstanding liens and sales costs.

E. The Chapter 13 Trustee's office was to have reviewed the HUD-1 and submit a demand into escrow before escrow closed. For a variety of reasons, escrow closed without the Trustee's office being able to timely take such actions and consent to the sale.

F. The Chapter 13 Trustee's office objected to the validity of the sale of the Property on the grounds that Debtors failed to properly obtain Trustee approval before the close of escrow.

G. The parties wish to resolve their differences and allow the case to proceed based on the terms agreed to below.

**STIPULATION**

The parties hereto hereby stipulate and agree as follows:

1. The Trustee will consent to the sale of the Property provided that Debtors make an additional lump sum contribution of $60,000 to their Chapter 13 Plan.

2. Debtors shall deliver a total of $200,000 in certified funds within 14 days of the entry of an order approving this Stipulation to the Chapter 13 Trustee's office. Once received, the Trustee can apply all amounts received to the base amount of the Debtors' Chapter 13 Plan.

3. Debtors will continue to make their monthly plan payment of $425 for the remainder

of their Chapter 13 Plan term.

Dated: 9/30/2013           *NESTOR ODUCAYEN DULDULAO* _____
                           NESTOR ODUCAYEN DULDULAO, Debtor


Dated: 9/30/2013           *AZUCENA ALFONSO DULDULAO* _____
                           AZUCENA ALFONSO DULDULAO, Debtor


Dated: 9/30/13             *MARTHA G. BRONITSKY* _____
                           MARTHA G. BRONITSKY
                           Chapter 13 Trustee